**UNITED STATES of America,** **Appellee,**

v.

**Michael KANE, Appellant.**

**No. 134, Docket 29626.**

United States Court of Appeals Second Circuit.

Argued Oct. 1, 1965.

Decided Oct. 14, 1965.

Frank Serri, Brooklyn, N. Y., for appellant.

Martin R. Pollner, Asst. U. S. Atty., Brooklyn, N. Y., Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York, for appellee.

Before FRIENDLY and KAUFMAN, Circuit Judges, and HERLANDS, District Judge.*

PER CURIAM:

Michael Kane and three others were convicted of possessing and conspiring to possess counterfeit money, in violation of 18 U.S.C. § 472, after a jury trial before Judge Bartels. The convictions of three of Kane's co-defendants were affirmed on appeal, and the facts are fully set forth in United States v. Gersh, 328 F.2d 460 (2d Cir. 1964). Kane, who did not join in that appeal because he was a fugitive from justice, contends that vari-

ous determinations by this court in Gersh were erroneous. We have carefully examined each of his arguments and find them to be without merit.

Kane places primary reliance on the argument that the buyers' surprise robbery of the counterfeit money from the seller negates the existence of a conspiracy. As we said in Gersh, this claim "verges on the ludicrous." Kane was a "broker" who actively participated in a plan through which the money would be transferred from the seller to the buyers. Had he not procured a buyer, the seller would have had little need to obtain or have possession of the counterfeit. And, Kane would be guilty of conspiring to possess counterfeit even if the money were never transferred to the buyers. We see no reason why the bizarre manner in which the transfer was consummated warrants a different result.

Kane next argues that the "single transaction" in which he participated was insufficient to draw him within the ambit of the conspiracy. It is true that where a defendant is charged with participation in one central conspiracy involving many transactions, evidence of mere participation in a single transaction will not ordinarily justify conviction for conspiracy unless the defendant knew that the single transaction was "in execution of the larger venture which made up the conspiracy." United States v. Carminati, 247 F.2d 640, 643 (2d Cir. 1957); see United States v. Agueci, 310 F.2d 817, 836, 99 A.L.R.2d 478 (2d Cir. 1962). But here, the single transaction in which Kane participated was the *raison d'etre* for the conspiracy; there was no larger venture.

Kane's other arguments, concerning the government's failure to produce the counterfeit money and the forelady's note to Judge Bartels, were fully presented by the appellants in Gersh and amply discussed in this court's opinion. We reject them for the reasons stated there.

* Of the Southern District of New York, sitting by designation.

The court wishes to express its appreciation to Frank Serri, Esq., appellant's assigned counsel, who has prosecuted this appeal with skill and fidelity.

Affirmed.